UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Bryan Zuelke,

        Plaintiff,

  v.

Daryl Zuelke, Travis Root, Christy Schwichtenberg, Katherine Donovan, Scott Congdon, and Deborah Zuelke,

        Defendants.

Case No. 22-cv-0497 (WMW/HB)

**ORDER**

---

Before the Court is Plaintiff Bryan Zuekle's pro se pleading (Pleading). (Dkt. 1.) For the reasons addressed below, the Court dismisses this lawsuit without prejudice for lack of jurisdiction.

The Court received Zuelke's Pleading on February 28, 2022. The Pleading consists of 52 pages of documents. Zuelke identifies six individuals as Defendants: Daryl Zuelke, Travis Root, Christy Schwichtenberg, Katherine Donovan, Scott Congdon, and Deborah Zuelke.

A pleading that states a claim for relief must contain three elements. First, the pleading must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Second, the pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And third, the pleading must state "a demand for the relief sought, which may include relief

in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3). The Court must analyze whether Zuelke's Pleading satisfies these three requirements.

Subject-matter jurisdiction is a threshold requirement which courts may address *sua sponte*. *See, e.g.*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998); Fed. R. Civ. P. 12(h)(3). Zuelke's Pleading contains no jurisdictional statement, and no source of the Court's jurisdiction is obvious from the face of the Pleading. Zuelke refers only to 18 U.S.C. § 351 in the one-page document that begins his Pleading.[1] Section 351 does not provide a statutory basis for subject-matter jurisdiction over this lawsuit, and Zuelke provides no other basis for this Court's exercise of subject-matter jurisdiction over this dispute. The Court, therefore, lacks jurisdiction over this lawsuit.

A pleading also must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A district court is not required to "to sift, without guidance from the Plaintiff[ ], through a massive volume of documents, in a search of evidence that might establish a prima facie case for each of the . . . claims in [a] matter." *Murrin v. Avidigm Cap. Grp., Inc.*, No. 07-1295 (PJS/RLE), 2008 WL 11463468, at *10 (D. Minn. Sept. 5, 2008); *see also Jackson v. FindJodi.com, Inc.*, No. 21-1777 (SRN/DTS), 2022 WL 336832, at *4 (D. Minn. Feb. 4, 2022) (same). Zuelke has filed more than 50 pages of documents along with a single-page document that does not identify Zuelke's claims or provide helpful guidance as to the relevance of the documents Zuelke

---

[1] This statute pertains to the murder, kidnapping, or assault of high-level government officials, a crime with no apparent connection to Zuelke's filing.

filed. These submissions are insufficient to satisfy Zuelke's obligation to provide the Court with a short and plain statement of his claim.

In addition, a district court has inherent authority to dismiss a frivolous lawsuit.[2] *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 307–08 (1989). Unlike a complaint that fails to state a claim, a frivolous lawsuit lacks even "an arguable basis either in law or in fact" or relies on an "indisputably meritless legal theory" or allegations that are "clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 325, 327–28 (1989); *accord Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A district court cannot summarily dismiss a lawsuit as frivolous if the facts alleged in the complaint are merely "unlikely." *Denton*, 504 U.S. at 33. But a lawsuit may be dismissed as frivolous if the factual allegations in the complaint are found to be "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id.* (internal quotation marks omitted). Here, Zuelke has filed, at most, a one-page document from which the Court is able to discern neither specific allegations against Defendants nor cognizable legal claims. The document is incoherent and makes nonsensical references to current and former presidents, Google, and the rights of "all of us good men." As such, Zuelke's Pleading is frivolous.

For these reasons, this matter must be dismissed.

---

[2] Notably, even if a plaintiff has paid the filing fee, a district court has the inherent authority to dismiss a complaint if it is frivolous. *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 307–08 (1989) (explaining that the federal *in forma pauperis* statute "authorizes courts to dismiss a 'frivolous' . . . action, but there is little doubt they would have power to do so even in the absence of this statutory provision" (internal quotation marks omitted)); *Porter v. Fox*, 99 F.3d 271, 273 (8th Cir. 1996) (observing that district courts may *sua sponte* dismiss a frivolous complaint prior to service).

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that this matter is **DISMISSED WITHOUT PREJUDICE**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  March 24, 2022                        s/Wilhelmina M. Wright
                                                                 Wilhelmina M. Wright
                                                                  United States District Judge